UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TIA HALL, individually and
on behalf of all others similarly situated,

          Plaintiff,

vs.

FARM JOURNAL, INC.,

          Defendant.

Case No. 21-cv-11811
Hon. David M. Lawson
Magistrate Judge Anthony P. Patti

_____ /

**DEFENDANT'S MOTION FOR RECONSIDERATION
UNDER LOCAL RULE 7.1(H)**

For the reasons set forth in the attached brief, Defendant Farm Journal, Inc. ("Farm Journal"), by and through its attorneys Honigman LLP, hereby moves this Court under Local Rule 7.1(h) for an order reconsidering the Court's Order Denying Farm Journal's Motion to Dismiss (ECF No. 24).

Pursuant to Local Rule 7.1, on April 19, 2022, counsel for Farm Journal contacted Plaintiff's counsel requesting concurrence in the relief sought in this motion, and concurrence has not been reached.

          Respectfully submitted,

          HONIGMAN LLP

          By: /s/ J. Michael Huget
          J. Michael Huget (P39150)
          Robert M. Riley (P72290)
          Jad Sheikali (IL Bar 6324641)

43569430.4

2

                                         315 East Eisenhower Parkway
                                         Suite 100
                                         Ann Arbor, MI 48108
                                         Tel: (734) 418-4154
                                         mhuget@honigman.com
                                         rriley@honigman.com
                                         jsheikali@honigman.com

                                         *Attorneys for Farm Journal, Inc.*

Dated: April 19, 2022

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

TIA HALL, individually and
on behalf of all others similarly situated,

                            Case No. 21-cv-11811
                            Hon. David M. Lawson
     Plaintiff,           Magistrate Judge Anthony P. Patti

vs.

FARM JOURNAL, INC.,

     Defendant.
_____/

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR RECONSIDERATION**
**UNDER LOCAL RULE 7.1(H)**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i
TABLE OF AUTHORITIES ........................................................................................... ii
STATEMENT OF ISSUES PRESENTED.................................................................. iv
CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY ...................... v
I.   INTRODUCTION ..................................................................................................1
II.  LEGAL STANDARD .............................................................................................3
III. ARGUMENT............................................................................................................4
IV.  CONCLUSION........................................................................................................7

43569430.4

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                      **Page(s)**

*Bufalino v. Michigan Bell Tel. Co.*,
　404 F.2d 1023 (6th Cir. 1968) ...................................................................................5

*Dabish v. McMahon*,
　2019 WL 3288931 (E.D. Mich. July 22, 2019), aff'd, 818 F. App'x
　423 (6th Cir. 2020)....................................................................................................5

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*,
　246 Mich. App. 43 (Mich. App. 2001) (*see* transcript of
　proceedings of hearing on Motion to Dismiss ("Transcript"), ECF
　No. 26, ) .................................................................................................2, 4, 5, 6, 7

*Garden City Osteopathic Hosp. v. Hbe Corp.*,
　55 F.3d 1126 (6th Cir. 1995) .....................................................................................6

*Halaburda v. Bauer Pub. Co., LP*,
　No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) .......................5

*Henderson v. Walled Lake Consol. Sch.*,
　469 F.3d 479 (6th Cir. 2006) .....................................................................................3

*Estate of Majors v. Gerlach*,
　2017 WL 6570703 (E.D. Mich. Dec. 26, 2017) .......................................................3

*Marshall v. Chrysler Corp.*,
　378 F. Supp. 94 (E.D. Mich. 1974) ...........................................................................5

*Nagle Indus. v. Ford Motor Co.*,
　175 F.R.D. 251 (E.D. Mich. 1997) ............................................................................3

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*,
　878 F.3d 530 (6th Cir. 2017) ............................................................2, 4, 5, 6, 7

*Sexual Sin De Un Abdul Blue v. City of River Rouge*,
　2017 WL 4276966 (E.D. Mich. Sept. 27, 2017) .......................................................3

*Stewart's Est. v. Armstrong*,
　187 N.W.2d 223 (Mich. 1971), overruled on other grounds ..............................5

*Tillman v. Great Lakes Truck Ctr., Inc.*,
   742 N.W.2d 622 (Mich. Ct. App. 2007) .................................................................5

*Turcar, LLC v. United States*,
   2010 WL 746238 (E.D. Mich. Mar. 1, 2010) .......................................................3

*Yeschick v. Mineta*,
   675 F.3d 622 (6th Cir. 2012) ................................................................................4

**STATUTES**

Builders' Trust Fund Act .............................................................................................4

Communications Act ...................................................................................................5

MCL § 600.5805 ...........................................................................................1, 2, 5, 6, 7

MCL § 600.5813 ..................................................................................................1, 3, 4, 7

Michigan Video Rental Privacy Act .............................................................1, 3, 5, 7

Veterans' Re-employment Rights Act .......................................................................5

**MISCELLANEOUS**

Local Rule 7.1(h) ..........................................................................................................3

Local Rule 7.1(h) and Rule 59(e) ................................................................................3

Rule 59(e) ......................................................................................................................3

## **STATEMENT OF ISSUES PRESENTED**

1. Whether the Court was misled in applying the six-year statute of limitations period provided by MCL § 600.5813 to Plaintiff's Michigan Video Rental Privacy Act ("VRPA") claims, resulting in an overbroad application of that limitations period to all statutory causes of action that do not expressly provide a limitations period?

    **Farm Journal Answers: Yes**.

2. Whether applying the proper standard will result in a different disposition of the case, i.e., the dismissal of Plaintiff's Complaint pursuant to the three-year statute of limitations provided by MCL § 600.5805?

    **Farm Journal Answers: Yes**.

# **CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY**

L.R. 7.1(h)

MCL § 600.5805

I.   **INTRODUCTION**

Plaintiff Tia Hall ("Plaintiff") alleges that Defendant Farm Journal, Inc. ("Farm Journal") caused her personal privacy injuries by intentionally disclosing her Farm Journal Magazine subscriber information to third parties in violation of the Michigan Video Rental Privacy Act, ("VRPA"). While Plaintiff's Complaint is an "obvious" attempt to "take advantage of [a] now-superseded statute," her Complaint is untimely because her VRPA claims are governed by the three-year statute of limitations provided by MCL § 600.5805, which applies to all claims seeking relief for injury to a person. On December 10, 2021, Farm Journal filed a Motion to Dismiss Plaintiff's Complaint on the grounds that her claims are time-barred. Following full briefing, the Court heard oral argument on April 5, 2022.

On April 5, 2022, the Court denied Plaintiff's Motion to Dismiss. (ECF No. 24). In denying the Motion to Dismiss, the Court employed an overbroad application of MCL § 600.5813 that requires finding the six-year limitations period in that statute applies to statutory causes of action regardless whether the nature of the claim sounds in traditional tort or involves a claimed injury to person.

Critically, the Court's Order contradicts Michigan precedent applying MCL § 600.5805's three-year limitations period to purely statutory causes of action. (*see* Farm Journal's Reply in Support of Its Motion to Dismiss, ECF No.

1

18, pp. 4-5) (listing cases—including from the Michigan Supreme Court—applying the three-year SOL to statutory causes of action).

The Court's Order is also at odds with the plain language of MCL § 600.5805, which applies to "all" claims for "injuries to a person." The Court's Order acknowledged that Hall "alleged that Farm Journal knowingly disclosed her subscriber and other demographic data, and therefore, she pleaded a cognizable injury in fact for the purpose of Article III standing." These allegations support a claim for an injury to a person, notwithstanding any creative labeling by Plaintiff.

In denying Farm Journal's Motion and applying a six-year limitations period, the Court's Order heavily relied on dicta from *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 539 (6th Cir. 2017) and *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43, 56 (Mich. App. 2001) (*see* transcript of proceedings of hearing on Motion to Dismiss ("Transcript"), ECF No. 26, at 15:22-16:3, 17:2-18) (relying on *Palmer Park Square* and *DiPonio* for proposition that "a civil cause of action arising from a statutory violation is subject to the six-year limitation period . . . if the statute does not provide a limitation period."). But neither of those cases involved an injury to a person. Instead, *Palmer Park Square* and *DiPonio* involved actions brought by *businesses* to recover statutory penalty interest arising out of insurance contract and to recover under the Michigan builders' trust fund law, respectively. These are **_not_** actions to

recover for injuries to a person, and thus do not inform the analysis of the proper limitations to Plaintiff's statutory VRPA claim in this case.

The Court's overbroad application of MCL § 600.5813 to Plaintiff's VRPA claims is based on a misapplication of law and is a palpable defect, and modifying the Court's Order would result in a different disposition. Accordingly, Farm Journal respectfully requests that the Court reconsider its Order.

## II. LEGAL STANDARD

Under Local Rule 7.1(h), a party moving for reconsideration must demonstrate "a palpable defect by which the court and the parties . . . have been misled" and "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h); *see Estate of Majors v. Gerlach*, 2017 WL 6570703, at *1 (E.D. Mich. Dec. 26, 2017). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Sexual Sin De Un Abdul Blue v. City of River Rouge*, 2017 WL 4276966, at *1 (E.D. Mich. Sept. 27, 2017) (internal quotation marks omitted). This standard is consistent with the standard under Rule 59(e). *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Under both Local Rule 7.1(h) and Rule 59(e), reconsideration is appropriate to "correct a clear error of law." *Henderson*, 469 F.3d at 496; *Nagle Indus. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997); *see Turcar, LLC v. United States*, 2010 WL 746238, at *1 (E.D. Mich. Mar. 1, 2010). And, while

reconsideration falls within the Court's discretion, it is an abuse of discretion to deny reconsideration when the Court originally applied an incorrect legal standard. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) ("An abuse of discretion exists when a court commits a clear error of judgment, such as applying the incorrect legal standard, [or] misapplying the correct legal standard . . . .").

### III. ARGUMENT

The Court should reconsider its Order denying Farm Journal's Motion to Dismiss because it requires an application of MCL § 600.5813 that is impermissibly overbroad and contrary to Michigan precedent.

The Court's Order is based on its misapplication of *Palmer Park Square* and *DiPonio*. According to the Court, these cases stand for the proposition that "a civil cause of action arising from a statutory violation is subject to . . . Section 5813 if the statute itself does not provide a limitation period." (Transcript, 17:15-18). Any reasoning in those cases purporting to broadly apply Section 5813 to ***all*** statutory causes of action without an express limitations period is dicta, as *Palmer Park Square* did not involve a claim seeking redress for injury to a ***person***. Instead, *Palmer Park Square* was a claim brought by a ***business*** seeking redress against an insurer for statutory penalty interest. *Palmer Park Square*, 878 F.3d at 539-40. In the same vein, *DiPonio* involved a claim brought by a ***business***—a construction subcontractor—for claims brought under the Builders' Trust Fund Act, which

4

provides administrative requirements and parameters for funds and payments on construction projects. *DiPonio*, 246 Mich. App. at 56. Neither case involved an alleged harm to a person. *See Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013) (the VRPA is designed "to protect *individual consumers* from certain disclosures of their personal information.") (emphasis added).

Importantly, the Court's application of *Palmer Park Square* and *DiPonio* is at odds with decades of Michigan precedent applying MCL § 600.5805 to statutory causes of action. *See, e.g., Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623 (Mich. Ct. App. 2007) (applying Section 5805 to statutory employment discrimination and conversion claims); *Dabish v. McMahon,* 2019 WL 3288931, at *4 (E.D. Mich. July 22, 2019), aff'd, 818 F. App'x 423 (6th Cir. 2020) ("The statute of limitations for statutory conversion is three years."); *Stewart's Est. v. Armstrong*, 187 N.W.2d 223, 224 (Mich. 1971), overruled on other grounds (applying Section 5805(2) to wrongful death claim with no common law analog); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (claims under the Communications Act); and *Marshall v. Chrysler Corp.*, 378 F. Supp. 94 (E.D. Mich. 1974) (claims under the Veterans' Re-employment Rights Act).

In fact, the only way to reconcile the Court's Order against long-standing and controlling precedent is by looking to the nature of Plaintiff's VRPA claims

5

Case 2:21-cv-11811-DML-APP ECF No. 27, PageID.734 Filed 04/19/22 Page 14 of 16

rather than the label or title imposed by Plaintiff and finding the three-year limitations period provided by MCL § 600.5805 applies, because Plaintiff is seeking to recover for alleged injuries to her person. *See Garden City Osteopathic Hosp. v. Hbe Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) (courts look to the "nature and origin" of the claim and the type of interest allegedly harmed, not the labels of the parties).

The Court's Order is also inconsistent with the plain language of MCL § 600.5805. Section 5805 applies to "all actions to recover damages . . . for injury to a person[.]" As noted in Farm Journal's Motion to Dismiss, Michigan Courts routinely apply MCL § 600.5805 to claims sounding in privacy tort or invasion of privacy. (Motion, pp. 5-6) (listing cases where Michigan courts apply the three-year limitations period to claims by persons seeking redress for privacy injuries). As noted above, neither *Palmer Park Square* nor *DiPonio* involved injuries to a person but rather to businesses, so their logic is of no consequence to resolution of Farm Journal's Motion to Dismiss. Here, Plaintiff is seeking—as the Court's Order acknowledges—redress for a cognizable injury to her person. *See* Transcript, 20:7-14 ("[a] substantive violation occurs when a person's information is disclosed in violation of the statute. The plaintiff alleged that Farm Journal knowingly disclosed her subscriber and other demographic data, and therefore, she pleaded a cognizable injury in fact for the purpose of Article III standing.")

6

Accordingly, the Court's Order ignored longstanding Michigan precedent and the plain language of MCL § 600.5805, and employed an overbroad interpretation of *Palmer Park Square* and *DiPonio* in applying MCL § 600.5813 to Plaintiff's VRPA claims. This is a palpable defect, and the Court should reconsider its Order and instead apply MCL § 600.5805 to Plaintiff's claim for an alleged injury to her person, i.e. the violation of her privacy rights under the VRPA.

## IV.    CONCLUSION

For these reasons, Farm Journal requests that the Court reconsider its Order to correct the palpable defect in applying MCL § 600.5813 to Plaintiff's Complaint and denying Defendant's Motion to Dismiss.

>Respectfully submitted,
>
>HONIGMAN LLP
>
>By: /s/ J. Michael Huget
>J. Michael Huget (P39150)
>Robert M. Riley (P72290)
>Jad Sheikali (IL Bar 6324641)
>315 East Eisenhower Parkway
>Suite 100
>Ann Arbor, MI 48108
>Tel: (734) 418-4154
>mhuget@honigman.com
>rriley@honigman.com
>jsheikali@honigman.com
>
>*Attorneys for Farm Journal, Inc.*

Dated: April 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ J. Michael Huget
J. Michael Huget (P39150)

43569430.4