## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

TIA HALL, individually and
on behalf of all others similarly situated,

                                     Case No. 21-cv-11811
                                     Hon. David M. Lawson
          Plaintiff,           Magistrate Judge Anthony P. Patti

vs.

FARM JOURNAL, INC.,

         Defendant.

_____/

## DEFENDANT FARM JOURNAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF [PROPOSED] ORDER RE: SUBSTITUTION OF PLAINTIFFS

*Rules and procedure matter.* At the June 14, 2022 status hearing, the Court made it clear that Plaintiff may not cavalierly "swap in" three new proposed plaintiffs to replace their defective current plaintiff by simply making substitutions in an amended complaint.[1] [2] In spite of the Court's directive to properly cure the procedural defect noted by the Court, Plaintiff continues to insist that Defendant

---

[1] Defendant previously consented to Plaintiff's proposed filing of an amended complaint under Fed. R. Civ. P. 15(a)(2) *prior* to the June 14, 2022 hearing where the Court informed the parties that Rule 15(a)(2) is not the proper vehicle.

[2] Plaintiff previously agreed to provide Defendant with 30 days to respond to the proposed amended complaint. To the extent the Court grants Plaintiff's instant Motion, Defendant requests 21 days from such order to respond to the amended complaint.

agree to "entry of an order" consenting to the purported substitution and amendment pursuant to Fed. R. Civ. P. 15(a)(2).[3]

Defendant has informed Plaintiff that it will not consent to procedure contrary to the Court's instructions.

After Plaintiff submitted the order anyway, the Courtroom Deputy advised Plaintiff to file a motion. Plaintiff's new "Motion" does nothing to cure the procedural defect noted by the Court and (again) simply seeks improper substitution of new proposed class plaintiffs. Plaintiff cites no authority for the proposition that class representatives may be substituted by stipulation.[4] *See, e.g., Caldwell v. Chapman*, 240 Mich. App. 124, 132–33 (2000) ("A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim."); *Green v. Warren*, No. 2:19-CV-12929, 2020 WL 5944444, at *5 (E.D. Mich. Oct. 7, 2020) ("[A]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he

---

[3] As of July 8, 2022, Plaintiff continues to insist that the amended complaint is "operative" and then took a brazen *fait accompli* posture by issuing discovery and a third party subpoena under the *proposed* amended caption on behalf of the *proposed* new class members *without the Court's approval* of such substitution. Defendant objected to the discovery as improper and requested that Plaintiff withdraw the subpoena. Plaintiff has refused.

[4] Should Plaintiff introduce authority for the first time on Reply, Defendant requests an opportunity to respond to same.

give only cursory treatment [of an issue] with little or no citation of supporting authority.").

Plaintiff (who, discovery would show, is not part of the class) cannot simply stipulate her way to an entirely new lawsuit with three new plaintiffs. She must, instead, proceed via a proper method[5] of intervention and/or substitution. *Rules and procedure matter.* Accordingly, Plaintiff's Motion for Entry of [Proposed] Order should be denied.

Dated: July 11, 2022                    Respectfully submitted,

                                        HONIGMAN LLP

                                        By: /s/ J. Michael Huget
                                            J. Michael Huget (P39150)

---

[5] Should Plaintiff find her way to a proper procedural mechanism, Defendant reserves the right to respond as provided by the applicable local rules and the Court's instructions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, a copy of the foregoing document was filed electronically and served by email to all parties through the Court's electronic filing system or by mail to anyone unable to accept electronic filing as shown on the Notice of Electronic Filing.

/s/ J. Michael Huget
J. Michael Huget

44503160.2